## Michael, Appellant, v. Henry.

*Negligence—Master and servant—Minor—Nonsuit.*

In an action by a boy fourteen years old against his employer, a nonsuit is properly entered where it appears that the plaintiff was employed as a creeler at a spinning machine to put on and take off bobbins and that he had been fully instructed in this work ; that while the machine was in motion, and while he was not engaged in his own particular work, he put on some weights which had fallen off the machine and was injured; and that the duty of putting on the weights was not part of the plaintiff's work, but was done by men employed for that purpose.

Argued March 28, 1904.   Appeal, No. 33, Jan. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1903, No. 768, refusing to take off nonsuit in case of Francis J. Michael, by his father and next friend, Francis E. Michael, v. James Henry and William G. Henry, trading as Thomas Henry & Sons.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ.   Affirmed.

Trespass by a boy fourteen years old against his employer to recover damages for personal injuries.   Before BEITLER, J.

At the trial it appeared that on October 10, 1902, plaintiff was employed as a creeler or bobbin boy on a mule or spinning machine in defendant's factory.   While replacing certain weights that had fallen off back of the machine his head was caught between a traveling mule and a post or bumper, and he was severely injured.   The court entered a compulsory nonsuit saying :

" This boy was employed as a creeler, and he was fully instructed how to perform the work for which he was employed and paid.   He had nothing at all to do with the machine, further than to put on and take off the bobbins.   Twice while the machine was stationary he put on a weight that had fallen off.

How frequently weights were in the habit of falling off there is no evidence. He never had been given that to do as a part of his work; in fact, the plaintiff's case shows that that was part of the duty of one of two other men working upon the machine. It seems to me, therefore, that he was not engaged in anything that was in any sense his work when he was hurt. In the second place, the danger was as apparent to him as to anybody; that to do that which he did do, with the machine in motion, was likely to result in personal injury."

*Error assigned* was refusal to take off nonsuit.

*Howard A. Davis*, with him *John T. Murphy*, for appellant.

*George L. Crawford*, of *Crawford & Loughlin*, for appellees.

Per Curiam, May 16, 1904:

This judgment is affirmed on the opinion of the court in entering the nonsuit.